## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CATERPILLAR FINANCIAL SERVICES CORPORATION, | * | CIVIL ACTION NO. 2:19-cv-00855 |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| VERSUS | * | SECTION |
| | * | |
| THE L/B RAIMY EYMARD, ALONG WITH HER ENGINES, BOILERS, APPAREL, ETC., IN REM, OFFSHORE MARINE CONTRACTORS, INC., LOUIS J. EYMARD II, RAIMY D. EYMARD and MICHAEL M. EYMARD | * | JUDGE |
| | * | |
| | * | |
| | * | |
| | * | |
| Defendant. | * | MAGISTRATE |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### VERIFIED COMPLAINT IN REM AND IN PERSONAM
### TO ENFORCE PERMANENT LOAN NOTE,
### LOAN AGREEMENT, AND FIRST PREFERRED SHIP MORTGAGE

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Caterpillar Financial Services Corporation, and for its Verified Complaint respectfully represents as follows:

### THE PARTIES

1.

Plaintiff, Caterpillar Financial Services Corporation ("Caterpillar"), is a Delaware corporation having its principal place of business in Tennessee, and is doing business in the State of Louisiana.

2.

Made defendant herein is the documented United States vessel L/B RAIMY EYMARD, bearing Official No. 1249839 (the "Vessel").   The Vessel is afloat within the Eastern District of Louisiana and is within the jurisdiction of this Court.

3.

Made defendant herein is Offshore Marine Contractors, Inc. (the "Owner"), a Louisiana corporation having its principal place of business at 133 W. 113th Street, Cut Off, Louisiana 70345.  Owner is the successor in interest to Glencoe, Inc., the original mortgagor of the Vessel, pursuant to the Articles of Merger dated April 28, 2015. (Exhibit "1")  Owner is the owner of the Vessel.

4.

Made defendant herein is Louis J. Eymard II, a Louisiana citizen, residing in Cut Off, Louisiana .

5.

Made defendant herein is Raimy D. Eymard, a Louisiana citizen, residing in Cut Off, Louisiana.

6.

Made defendant herein is Michael M. Eymard, a Louisiana citizen, residing in Cut Off, Louisiana.    Louis J. Eymard II, Raimy D. Eymard, and Michael M. Eymard are collectively referred to herein as the "Guarantors".

7.

This is an action against the Vessel, and its engines, boilers, tackle, apparel, etc., *in rem*, to recognize the first preferred ship mortgage and first ranking maritime lien over the Vessel in favor of Caterpillar under 46 U.S.C. § 31322, and an action *in personam* against the Owner and the Guarantors under 46 U.S.C. § 31325(b)1 and 31325(b)2 for payment of sums due under a loan extended by Caterpillar

## JURISDICTION AND VENUE

8.

Subject matter jurisdiction is proper in this case because Caterpillar is seeking to enforce its promissory note, loan agreement and first ranking preferred ship mortgage against the Vessel, the Owner, and the Guarantors.  Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333 in that this action is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules For Certain Admiralty and Maritime Claims.  Additionally, subject matter jurisdiction is also proper for the claims asserted by Caterpillar against Owner and the Guarantors under 28 U.S.C. § 1332 because there is complete diversity between the parties and this matter involves an amount in controversy in excess of $75,000.

9.

Venue is proper in this district under 28 U.S.C. §1391 because the Vessel is located within this district.  Additionally, the Owner and each of the Guarantors reside within this district.

2218967.1

## FACTUAL ALLEGATIONS

### THE LOAN

10.

Caterpillar is the owner and holder of the Permanent Loan Note dated November 11, 2013 in the principal amount of $10,332,000.00 (the "Loan"), made payable by Owner to the order of Caterpillar, with principal, interest, attorneys' fees and costs as set forth more fully therein.  Under the Permanent Loan Note, Owner is obligated to repay the Loan in monthly installments of principal and interest and became due in full on March 1, 2018.  A true and correct copy of the Permanent Loan Note is attached hereto as Exhibit "2" and is incorporated herein by this reference.

11.

Owner also entered into a Loan Agreement with Caterpillar on November 26, 2012, which was Amended in conjunction with the Permanent Loan Note on or about November 11, 2013 (collectively, the "Loan Agreement").  A copy of the Loan Agreement and all amendments thereto are attached as Exhibit "3" *in globo* and incorporated herein by this reference.

12.

To secure the payment of all sums due under the Permanent Loan Note and Loan Agreement, Owner, as mortgagor, duly executed and delivered to Caterpillar, as mortgagee, a first preferred ship mortgage dated November 11, 2013 on the Vessel (the "Preferred Ship Mortgage"), her engines, boilers, tackle, apparel, *etc.*, securing the sum of $10,332,000, all as

more fully described therein.  A copy of the Preferred Ship Mortgage is attached hereto as Exhibit "4" and incorporated herein by this reference.

13.

The Preferred Ship Mortgage was received for recordation by the U.S. Coast Guard at the National Vessel Document Center on or about November 13, 2013, and recorded in Batch Number 15676400, Document ID Number 2.  Recordation of the Preferred Ship Mortgage is evidenced in the Abstract of Title dated January 29, 2019, attached hereto as Exhibit "5".

14.

At the time the Preferred Ship Mortgage was executed, the Vessel was, and still remains, duly licensed and enrolled under the laws of the United States, having its home port in New Orleans, Louisiana.

15.

All of the acts and things required to be done by 46 U.S.C. § 31322 in order to give the Preferred Ship Mortgage the status of a first preferred ship mortgage, were done or caused to be done, by  Caterpillar or by the U.S. Coast Guard.

**OWNER'S DEFAULT OF ITS PAYMENT OBLIGATIONS UNDER THE LOAN**

16.

Owner was obligated to repay the Loan in full to Caterpillar on March 1, 2018.  Owner has failed to repay the Loan in full, and therefore, is in default of the Permanent Loan Note and Loan Agreement.  The balance due on the Permanent Loan Note and Loan Agreement as of January 23, 2019 is $6,588,923.73, plus interest, attorneys' fees and costs.

17.

Section 7.01(a) of the Loan Agreement defines an "Event of Default," as default by the Owner "in the payment of any principal or interest hereunder, or on any Note or any other Obligation when it becomes due hereunder or under any Note or any other Loan Documents (whether at maturity, by reason of notice of prepayment or acceleration or otherwise)".  (Exhibit "3," Section 7.01).

18.

The Loan Agreement further provides that in the event that any installment on the Permanent Loan Note is not paid when due, Caterpillar "shall further have the right, at its sole option, to accelerate the maturity and insist upon immediate payment in full of the unpaid principal balance and all accrued interest then outstanding under the Loan (including additional interest accrued on past due payments and any prepayment premium, as provided herein), together with Lender's legal fees, costs, expenses and other fees and charges, as provided herein." (Exhibit "3," Section 7.03).

19.

Because Owner has failed to repay the Loan in full on March 1, 2018, Caterpillar has declared and does hereby further declare Owner to be in default of its payment obligations under the Permanent Loan Note, Loan Agreement, and Preferred Ship Mortgage.

20.

The balance due on the Permanent Loan Note and Loan Agreement as of January 23, 2019 is $6,588,923.73, plus interest, attorneys' fees and costs.

21.

Pursuant to the Preferred Ship Mortgage, any "Event of Default" under the Loan Agreement shall constitute an "Event of Default" under the Preferred Ship Mortgage. (Exhibit "4", Article 9).

22.

When the Owner is in default under the Preferred Ship Mortgage, Caterpillar is authorized to "exercise all of the rights and remedies in foreclosure or public or private sale and otherwise given to mortgagees or secured parties by laws of the United States of America or other applicable provisions of law, including but not limited to, the Ship Mortgage Act of 1990 (46 U.S.. 30101 et seq.) and the law (including the Uniform Commercial Code) of any jurisdiction in which the Vessel may be found; to bring suit at law, in equity or admiralty, at its discretion, to recover judgment for the Obligations, *in rem* or *in personam*, and seek collection and satisfaction of same." (Exhibit "4", Article 9).

23.

Because Owner is in default under the Permanent Loan Note, Loan Agreement and Preferred Ship Mortgage, Caterpillar seeks to have a judgment rendered against the Owner for all sums due under the Loan, have the Vessel seized and sold at a judicial sale to be conducted by the United States Marshal, and have the proceeds of such sale distributed to Caterpillar.

**GUARANTORS' LIABILITY FOR PAYMENT OF THE LOAN**

24.

As further inducement for Caterpillar to provide the Loan to Owner, Louis J. Eymard II executed a personal guaranty in favor of Caterpillar in which he "absolutely and unconditionally agreed to, and by these presents does hereby, guarantee the prompt and punctual payment, performance and satisfaction of all present and future indebtedness of [Owner] to [Caterpillar], including without limitation, Borrower's loan agreement with Lender of even date herewith …" A copy of Louis J. Eymard II's Guaranty is attached as Exhibit "6".

25.

As further inducement for Caterpillar to provide the Loan to Owner, Raimy D. Eymard executed a personal guaranty in favor of Caterpillar in which he "absolutely and unconditionally agreed to, and by these presents does hereby, guarantee the prompt and punctual payment, performance and satisfaction of all present and future indebtedness of [Owner] to [Caterpillar], including without limitation, Borrower's loan agreement with Lender of even date herewith …" A copy of Raimy D. Eymard's Guaranty is attached as Exhibit "7".

26.

As further inducement for Caterpillar to provide the Loan to Owner, Michael M. Eymard executed a personal guaranty in favor of Caterpillar in which he "absolutely and unconditionally agreed to, and by these presents does hereby, guarantee the prompt and punctual payment, performance and satisfaction of all present and future indebtedness of [Owner] to [Caterpillar],

including without limitation, Borrower's loan agreement with Lender of even date herewith …"
A copy of Michael M. Eymard's Guaranty is attached as Exhibit "8".

27.

Because the Guarantors guaranteed the Owner's payment obligations to Caterpillar, the Guarantors are liable on a joint and several, and solidary basis with Owner for payment of all amounts due under the Loan.

**COUNT I:**
**ENFORCEMENT OF PREFERRED MORTGAGE AND RECOGNITION OF LIEN**
**AGAINST THE VESSEL**

28.

Caterpillar realleges each of the allegations of paragraphs 1 through 27 above, as if set forth in full herein.

29.

Caterpillar is the holder and owner of the Permanent Loan Note, Loan Agreement, and the Preferred Ship Mortgage, and has the right in its own name to enforce and collect the obligations evidenced by the Permanent Loan Note and Loan Agreement from the Owner and to enforce the Preferred Ship Mortgage over the Vessel.

30.

Because Owner defaulted under the Permanent Loan Note, Loan Agreement, and the Preferred Ship Mortgage as specified above, Caterpillar requests that: (i) the Vessel be seized; (ii) Caterpillar's lien and encumbrance of the Preferred Ship Mortgage be recognized and enforced as a valid first preferred ship mortgage against the Vessel; (iii) the Court order the

Vessel to be sold at a judicial sale conducted by the United States Marshal; (iv)  the proceeds of such sale be distributed to Caterpillar; and (v) the Court order such other legal and equitable relief as is just and due under admiralty and maritime jurisdiction.

31.

Pursuant to the United States Code and the local rules of this Court, notice of these proceedings must be given to the owner or master of the Vessel and all persons who have recorded lien(s) with the U.S. Coast Guard.  Caterpillar requests that the Court order such notification to be made to such persons by certified mail, delivered to their last known address on file with the United States Coast Guard.

**COUNT II:**
**ENFORCEMENT OF CLAIM FOR THE OUTSTANDING INDEBTEDNESS DUE UNDER THE LOAN AGAINST THE OWNER**

32.

Caterpillar realleges each of the allegations of paragraphs 1 through 31 above, as if set forth in full herein.

33.

Because Owner is in default of its payment obligations under the Loan, Owner is liable *in personam* to Caterpillar for the balance due on the Permanent Loan Note and Loan Agreement, plus interest, attorneys' fees and costs.  As of January 23, 2019, the past due balance owed by Owner is $6,588,923.73, plus interest, attorneys' fees and costs.  Caterpillar seeks judgment against the Owner for these amounts.

## COUNT III:
## ENFORCEMENT OF CLAIM FOR THE OUTSTANDING INDEBTEDNESS DUE UNDER THE LOAN AGAINST THE GUARANTORS

34.

Caterpillar realleges each of the allegations of paragraphs 1 through 33 above, as if set forth in full herein.

35.

Because Guarantors guaranteed Owner's payment obligations under the Loan, Guarantors are liable with Owner on a joint and several, and solidary basis to Caterpillar for the balance due on the Permanent Loan Note and Loan Agreement, plus interest, attorneys' fees and costs. Caterpillar seeks judgment against the Guarantors for the sum of $6,588,923.73, plus interest, attorneys' fees and costs.

### VERIFICATION

36.

An Affidavit by Caterpillar's authorized representative verifying the facts of the Complaint is attached as Exhibit "9."

37.

Pursuant to local rule, Caterpillar agrees to release, hold harmless and indemnify the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, from any and all liability or responsibility for claims arising from the arrest, attachment, and movement of the Vessel.

**WHEREFORE**, plaintiff, Caterpillar Financial Services Corporation, prays:

2218967.1

1.      That process *in rem* pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure issue against the L/B RAIMY EYMARD, bearing Official No. 1249839, and its engines, tackle and apparel, etc., and that all persons having or claiming any interest therein be cited to appear in and answer, under oath, all and singular the matters aforesaid, that the Preferred Ship Mortgage in favor of Caterpillar Financial Services Corporation, be declared to be a valid and subsisting first ranking lien upon the Vessel, its engines, tackle, apparel, etc., *in rem*, and that the L/B RAIMY EYMARD be seized and sold to satisfy all amounts owed to Caterpillar, as set forth herein;

2.      For judgment *in rem* against the L/B RAIMY EYMARD, as provided by 46 U.S.C. §31326, in the full amount due as set forth herein, including prejudgment interest, costs, expenses and attorneys' fees, and judgment *in personam* against Offshore Marine Contractors, Inc., Mr. Louis J. Eymard II, Mr. Raimy D. Eymard, and Mr. Michael M. Eymard holding them jointly and severally liable to Caterpillar Financial Services Corporation for the sum of $6,588,923.73, plus interest, attorneys' fees and costs;

3.      That any property attached in this proceeding be sold under the direction of this Court, and that the proceeds of the sale be deposited with the Court to satisfy all amounts owed to Caterpillar Financial Services Corporation;

4.      That notice of these proceedings be given to the owner or master of the L/B RAIMY EYMARD and all persons who have recorded lien(s) with the U.S. Coast Guard by certified mail, delivered to their last known address on file with the United States Coast Guard National Vessel Documentation Center; and

2218967.1

5.      That this Court grant Caterpillar Financial Services Corporation such other and further relief which it may deem just and proper.

Respectfully submitted, this 4th day of February, 2019.

Respectfully submitted,

**McGlinchey Stafford PLLC**

*/s/Adam C. McNeil*
ADAM C. McNEIL (#27001)
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone:  (504) 586-1200
Facsimile:   (504) 596-2800
amcneil@mcglinchey.com
**Attorneys for Plaintiff,**
**Caterpillar Financial Services Corporation**

**INFORMATION FOR SERVICE:**

**Please arrest the M/V RAIMY EYMARD and its engines, tackles, equipment and furnishings, etc.**

**(please contact Steve Kokinos with Ocean Marine Brokerage, 1479 Coteau Road, Houma, Louisiana 70349 to be appointed substitute custodian, to coordinate timing and location of arrest.  Tel.: (985) 448-0409, Cell: (985) 637-0727).**

2218967.1